IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEVRON GLOBAL TECHNOLOGY SERVICES COMPANY (formerly known as CHEVRONTEXACO GLOBAL TECHNOLOGY SERVICES COMPANY) et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL S. LITTLE, <br><br> Defendant. _____/ | No. C-06-3157 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; VACATING HEARING** <br><br> (Docket No. 9) |

Before the Court is defendant Michael S. Little's ("Little") motion, filed July 12, 2006, to dismiss the First Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs Chevron Global Technology Services Company (formerly known as ChevronTexaco Global Technology Services Company), and Chevron International Exploration and Production (formerly known as ChevronTexaco Overseas Petroleum), a Division of Chevron U.S.A. Inc., (jointly, "Chevron"), have filed opposition to the motion. Little has not filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil Local Rule 7-1(b), hereby VACATES the August 25, 2006 hearing, and rules as follows.

## BACKGROUND[1]

Chevron brings the instant diversity action for breach of contract and breach of the implied covenant of good faith and fair dealing against Little, its former employee.

Little is an attorney who is licensed to practice law in Louisiana. (See First Amended Complaint ("FAC") ¶ 8.) Little began working for Chevron-related entities in various legal positions starting in 1984, first in the United States and then on overseas assignments from 1996 through the spring of 2003. (See id. ¶ 8.) In 1999, Little accepted a position with Chevron in Venezuela. (See id. ¶ 9.) On December 31, 2003, Little's employment with Chevron was terminated. (See id. ¶ 15.) On May 4, 2004, Little filed suit against Chevron in Venezuela ("Venezuela action"), seeking statutory employment severance benefits. (See ¶ 16.)

Chevron asserts that Little, by filing the Venezuela action, breached written agreements pertaining to Little's employment with Chevron, and the implied covenant of good faith and fair dealing contained therein. (See id. ¶¶ 19-25.) In particular, Chevron alleges one such agreement, the Contrato de Trabajo ("Labor Contract"), "incorporated by reference the terms of Defendant Little's job offer and provided that the Labor Contract between the parties shall be governed by the laws of the State of California, USA, regardless of conflict of laws provisions" and that "the parties shall abide by the exclusive jurisdiction of California, USA for the solution of any dispute that may arise on occasion of the enforcement or breach of [that] contract." (See id. ¶¶ 10-11.)

Chevron alleges another such agreement, the "Expatriate Agreement," provides that Little "was not entitled to any additional compensation – i.e., any compensation or severance benefits other than that provided in the documents comprising Plaintiff's employment contract, including Plaintiff's signed job offer and all attachments thereto." (See id. ¶ 12.) Chevron alleges the Expatriate Agreement further provides that it is

---

[1] The following factual allegations are taken from the complaint and, for purposes of the instant motion only, are presumed true. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

2

governed by the laws of California, without regard to principles of conflicts of law, and that any disputes with respect to issues related to additional compensation must be resolved in a California forum. (See id. ¶¶ 13-14.)

Chevron seeks an award of damages in an amount sufficient to compensate it for the expenses it has incurred in defending against the Venezuela action. (See id. ¶ 18.) Additionally, Chevron seeks an award of punitive damages, based on Little's asserted breach of the implied covenant of good faith and fair dealing. (See id. ¶ 30.)

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the pleadings. See Hal Roach Studios, Inc. v. Richard Feiner And Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Material that is properly submitted as part of the complaint, however, may be considered. See id. Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, also may be considered. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). In addition, the Court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referred to in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that are subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the

nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d at 898.  The Court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint.  See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  Conclusory allegations, unsupported by the facts alleged, need not be accepted as true.  See Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

**DISCUSSION**

**A.  Breach of Contract**

Little moves to dismiss Chevron's claim for breach of contract, on the ground he has fully performed and satisfied his obligations under the agreements governing his employment and that said agreements contain no forum selection clause governing the instant dispute.  For the reasons set forth below, Little has not demonstrated the contract claim is subject to dismissal.

Little's first argument in support of dismissal of the contract claim is that the Labor Contract is not an employment contract, but, rather, a "pro forma immigration tool . . . for the purposes of securing a business/work visa and permit" from the Venezuelan government.  According to Little, the Labor Contract is "simply an immigration formality for the Venezuelan authorities" and "was never intended to be enforceable against the Plaintiffs as a binding agreement to employ the Defendant Little, nor was it mean to hold Defendant in service to Plaintiffs."  (See Motion at 5:16-19.)   The Labor Contract is written in Spanish, however, (see Little Decl. Ex. 3), and neither party has submitted a declaration containing a translation of the document.  Consequently, the Court is unable to ascertain the provisions of the Labor Contract, much less interpret the parties' intent in entering into such agreement.

Little further argues that an "International to International Relocation Letter" ("Relocation Letter"), dated June 21, 1999, governed his employment and required him to comply with local laws.  Although the Relocation Letter is not mentioned in the complaint, a Court, in ruling on a motion to dismiss, may consider documents whose "authenticity is not

4

contested" and on which the "complaint necessarily relies." See Parrino v. FHP, Inc., 146 F.3d at 706.  Here, although plaintiffs do not dispute the authenticity of the Relocation Letter, the complaint cannot be said to "necessarily rely" on its terms; rather, the complaint relies on certain specified provisions in the Labor Contract and Expatriate Agreement. Moreover, even if the Court were to consider the Relocation Letter, that document contains no forum selection clause or choice of law clause, let alone one applicable to disputes arising out of Little's employment.  The Relocation Letter merely alerts Little that he "will be exposed to" the laws of the host country, which "may well be different from [his] own," that he "will be expected to comply with all such local laws and applicable company policies and local work rules," and that his failure to do so may result in discipline or termination.  (See Little Decl. Ex. 1 at 9.)  Because the Relocation Letter does not contain a forum selection clause or a choice of law clause applicable to the parties' employment relationship, it provides no basis for dismissal of Chevron's claim against Little for breach of contract.

Finally, Little's motion to dismiss fails to address Chevron's allegation that the Expatriate Agreement contains a forum selection clause and choice of law clause that governs the instant dispute and requires that the instant action be litigated in California.[2]

Accordingly, Little's motion to dismiss Chevron's breach of contract claim will be DENIED.

**B. Breach of Implied Covenant of Good Faith and Fair Dealing**

Little moves to dismiss Chevron's implied covenant claim on three grounds.  First, Little, as discussed above, asserts there is no factual basis for the claim.  As discussed above, that argument is unavailing.  Next, Little asserts, without citation to authority, that the "implied covenant cannot serve to chill the abilities of parties to a contract to pursue legal redress on issues flowing from the performance of the contract."  (See Motion at 6:12-13.)  Chevron does not contend, however, that Little is barred from filing suit against Chevron.  Rather, Chevron contends Little must do so in California courts under California

---

[2] Neither party has submitted a copy of the asserted Expatriate Agreement in connection with the filing of the complaint or the instant motion.

5

1  law.  Little's second argument, likewise, is unavailing.

2  Lastly, Little argues that to the extent Chevron seeks punitive damages for a breach
3  of the implied covenant of good faith and fair dealing contained in an employment
4  agreement, the claim is subject to dismissal.  Under California law, "the employment
5  relationship is fundamentally contractual, and . . . in the absence of legislative direction to
6  the contrary[,] contractual remedies should remain the sole available relief for breaches of
7  the implied covenant of good faith and fair dealing in the employment context."  See Foley
8  v. Interactive Data Corp., 47 Cal. 3d 654, 696 (1988).

9  Accordingly, Little's motion to dismiss Chevron's claim for breach of the implied
10  covenant of good faith and fair dealing will be GRANTED to the extent Chevron seeks an
11  award of punitive damages.

**CONCLUSION**

13  For the reason set forth above, Little's motion to dismiss is GRANTED in part and
14  DENIED in part, as follows:

15  1.  The motion to dismiss Chevron's claim for punitive damages is GRANTED.

16  2.  In all other respects, the motion is DENIED.

17  This order terminates Docket No. 9.

18  **IT IS SO ORDERED.**

19  Dated: August 22, 2006

MAXINE M. CHESNEY
United States District Judge