IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEVRON GLOBAL TECHNOLOGY SERVICES COMPANY (formerly known as CHEVRONTEXACO GLOBAL TECHNOLOGY SERVICES COMPANY) et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MICHAEL S. LITTLE,<br><br>　　　　Defendant.<br>_____/ | No. C-06-3157 MMC<br><br>**ORDER DENYING DEFENDANT'S SPECIAL MOTION TO STRIKE AND APPLICATION FOR ATTORNEYS' FEES; DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES; VACATING HEARING**<br><br>(Docket No. 41) |

　　　　Before the Court is defendant Michael S. Little's ("Little") motion, filed June 4, 2007, to strike the instant action, pursuant to California Code of Civil Procedure § 425.16, and for an award of attorneys' fees. Plaintiffs Chevron Global Technology Services Company (formerly known as ChevronTexaco Global Technology Services Company), and Chevron International Exploration and Production (formerly known as ChevronTexaco Overseas Petroleum), a Division of Chevron U.S.A. Inc., (jointly, "Chevron"), have filed opposition to the motion, including a request for their own attorneys' fees; Little has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil Local Rule 7-1(b), hereby VACATES the July 13, 2007 hearing, and rules as follows.

## BACKGROUND

Chevron brings the instant diversity action for breach of contract and breach of the implied covenant of good faith and fair dealing against Little, its former employee.

Chevron alleges Little is an attorney who is licensed to practice law in Louisiana and that Little began working for Chevron-related entities in various legal positions starting in 1984. (See First Amended Complaint ("FAC") ¶ 8.) In 1999, according to Chevron, Little accepted a position with Chevron in Venezuela; on December 31, 2003, Little's employment with Chevron was terminated. (See id. ¶¶ 9, 15.) On May 4, 2004, Chevron alleges, Little filed suit against Chevron in Venezuela ("Venezuela action"), seeking statutory employment severance benefits. (See ¶ 16.)

Chevron asserts that Little, by filing the Venezuela action, breached written agreements pertaining to Little's employment with Chevron, and the implied covenant of good faith and fair dealing contained therein. (See id. ¶¶ 19-30.) In particular, Chevron alleges one such agreement, the Contrato de Trabajo ("Labor Contract"), "incorporated by reference the terms of Defendant Little's job offer and provided that the Labor Contract between the parties shall be governed by the laws of the State of California, USA, regardless of conflict of laws provisions" and that "the parties shall abide by the exclusive jurisdiction of California, USA for the solution of any dispute that may arise on occasion of the enforcement or breach of [that] contract." (See id. ¶¶ 10-11.)

Chevron alleges another such agreement, the "Expatriate Agreement," provides that Little "was not entitled to any additional compensation – i.e., any compensation or severance benefits other than that provided in the documents comprising Plaintiff's employment contract, including Plaintiff's signed job offer and all attachments thereto." (See id. ¶ 12.) Chevron alleges the Expatriate Agreement further provides that it is governed by the laws of California, without regard to principles of conflicts of law, and that any disputes with respect to issues related to additional compensation must be resolved in a California forum. (See id. ¶¶ 13-14.)

Chevron seeks an award of damages in an amount sufficient to compensate it for

the expenses it has incurred in defending against the Venezuela action.  (See id. ¶ 18.) Additionally, Chevron seeks an award of punitive damages, based on Little's asserted breach of the implied covenant of good faith and fair dealing.  (See id. ¶ 30.)

Little now moves to strike the instant action, pursuant to § 425.16, on the ground that it was filed in retaliation for Little's "exercise of his First Amendment Right in filing an application for unemployment benefits with the California Employment Development Department."  (See Motion at 3:9-10.)  Little attests he filed such application "[a]t the same time" he filed the Venezuela action.  (See Little Decl. ¶ 14.)

## LEGAL STANDARD

Under California's "Anti-SLAPP" statute,[1] "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  See Cal. Code Civ. Proc. § 425.16(b)(1).  The defendant has the burden of making "a threshold showing that the challenged cause of action is one 'arising from' protected activity."  See City of Cotati v. Cashman, 29 Cal. 4th 69, 76 (2002).

"Once it is determined that an act in furtherance of protected expression is being challenged, the plaintiff must show a reasonable probability of prevailing in its claims for those claims to survive dismissal."  Metabolife, 264 F.3d at 840 (internal quotation and citations omitted).  "To do this, the plaintiff must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."  Id. (internal quotation and citation omitted).  "This burden is much like that used in determining a motion for nonsuit or directed verdict, which mandates dismissal when no reasonable jury could find for the

---

[1] "Anti-SLAPP" is an acronym for "Anti-Strategic Lawsuit Against Public Participation."  See Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 837 n.7 (9th Cir. 2001). "The purpose of the statute is to protect individuals from meritless, harassing lawsuits whose purpose is to chill protected expression."  Id.

3

1 plaintiff." Id. (internal quotation and citation omitted).  In determining whether a plaintiff has
2 met his burden, the court "accepts as true all evidence favorable to the plaintiff."  See
3 Consumer Justice Center v. Trimedica Int'l, Inc., 107 Cal. App. 4th 595, 605 (2003).  If the
4 defendant offers "opposing affidavits, the court cannot weigh them against the plaintiff's
5 affidavits, but must only decide whether the defendant's affidavits, as a matter of law,
6 defeat the plaintiff's supporting evidence."  See Paul for Council v. Hanyecz, 85 Cal. App.
7 4th 1356, 1365 (2001) (emphasis in original), disapproved on other grounds, Equilon
8 Enterprises v. Consumer Cause, Inc., 29 Cal. 4th 53, 68 n.5 (2002).  In other words, a
9 defendant's anti-SLAPP motion should be granted only "when a plaintiff presents an
10 insufficient legal basis for the claims or when no evidence of sufficient substantiality exists
11 to support a judgment for the plaintiff."  Metabolife Int'l., 264 F.3d at 840 (internal quotation
12 and citation omitted).

**DISCUSSION**

**A.  Little's Motion to Strike and Application for Fees**

15 Chevron first argues that Little's anti-SLAPP motion should be denied as untimely.
16 Section 425.16(f) provides that any such motion "may be filed within 60 days of the service
17 of the complaint or, in the court's discretion, at any later time upon terms it deems proper."
18 See Cal. Code Civ. Proc. § 425.16(f).  Thus, "[t]he statute expressly provides that a late
19 anti-SLAPP motion shall not be filed unless the court affirmatively exercises discretion to
20 permit it to be filed."  Olsen v. Harbison, 134 Cal. App. 4th 278, 286 (2005).

21 "The 60-day period commences with the service of the most recent complaint or
22 amended complaint in the action."  Id. at 283.  Here, the most recent complaint is the First
23 Amended Complaint, which was filed May 16, 2006.  At Little's deposition, he
24 acknowledged that he was served on June 8, 2006.  (See Kettler Decl. Ex. A (Little Dep.)
25 58:19-59:1.)  The instant motion was filed 361 days later, on June 4, 2007.

26 Little attests he intended to file a timely anti-SLAPP motion, pursuant to § 425.16,
27 and that he informed his then-current counsel of his theory in support of such motion.  (See
28 Little Decl. ¶ 18.)  Little further attests that although his prior counsel "stated that he would

4

file the anti-SLAPP motion, he inexplicably failed to file it within the 60-day period." (See Little Decl. ¶ 19.) Little sets forth no reason, however, for his failure to take timely steps to file the motion once it became apparent that his prior counsel had failed to do so. Little is a lawyer, (see id. ¶¶ 1, 3), and having conceded that the filing of the anti-SLAPP motion was his idea, he should have been aware of the requirements of such motion, including the need to file such motion within 60 days of service of the complaint; Little does not attest to the contrary. Under such circumstances, the failure of Little's prior counsel to file the instant motion provides no excuse for Little's failure to seek leave to file such motion until after he had obtained new counsel in May 2007. See, e.g., Olsen, 134 Cal. App. 4th at 285-86 (finding no abuse of discretion where trial court denied motion as untimely, even though defendant therein had not learned of applicability of anti-SLAPP statute until after obtaining new counsel).

Moreover, "the purpose of the anti-SLAPP statute is to dismiss meritless lawsuits designed to chill [a] defendant's free speech rights at the earliest stage of the case." See Kunysz v. Sandler, 146 Cal. App. 4th 1540, 1543 (2007) (emphasis added). "That consideration, obviously, no longer applies once the complaint has been answered and the case has been pending for nearly a year." See id. (affirming dismissal, as untimely, of renewed anti-SLAPP motion filed nine months after service of complaint). Here, the operative complaint was served on Little over a year ago, and Little answered that complaint on August 31, 2006, more than ten months ago.

Little argues that Chevron cannot be prejudiced by the late filing of the instant motion because he alleged in his answer that the instant action violates § 425.16. (See Answer ¶ 17.) The California Court of Appeal has held, however, that "a plaintiff opposing a late anti-SLAPP motion need not demonstrate prejudice." See Olsen, 134 Cal. App. 4th at 287 (affirming dismissal, as untimely, of anti-SLAPP motion filed 278 days after service of most recent complaint).

In sum, Little has failed to demonstrate good cause for his delay in filing the instant motion until nearly a year had passed from the time he was served with Chevron's

5

amended complaint.  Moreover, there is no reason for this Court to conduct, at this late stage of the action, the anti-SLAPP analysis, which focuses on the "probability" of a plaintiff's prevailing, see Cal. Code Civ. Proc. § 425.16(b)(1), and the dismissal of "meritless lawsuits," see Kunysz, 146 Cal. App. 4th at 1543.  Here, fact discovery closed on June 22, 2007, and the trial is scheduled to begin December 3, 2007.  As the California Court of Appeal noted in Kunysz in affirming denial of an untimely anti-SLAPP motion, "[t]he same issues raised by . . . [defendant's] anti-SLAPP motion could just as easily have been raised by, for example, a motion for summary judgment or a motion for judgment on the pleadings."  See id.

Accordingly, the instant motion will be denied as untimely.

In arriving at such determination, the Court was not required to reach the parties' arguments on the merits of Little's motion.  See Olsen, 134 Cal. App. 4th at 286 ("Discretion to permit or deny an untimely motion cannot turn on the final determination of the merits of the motion.").  Nonetheless, the Court notes that Little has provided no evidentiary support for his contention that the instant action was filed in retaliation for his "exercise of his First Amendment Right in filing an application for unemployment benefits with the California Employment Development Department."  (See Motion at 3:9-10.)  Moreover, even if such argument were supported by evidence, it would remain unavailing.  A plaintiff's "subjective intent . . . is not relevant under the anti-SLAPP statute."  See City of Cotati v. Cashman, 29 Cal. 4th at 78.  Rather, "[i]n the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech."  See id. (emphasis in original) (finding anti-SLAPP motion should not have been granted where complaint was filed after defendant filed prior suit but was not based on filing of such action).[2]  Here, the complaint expressly alleges the action is based on Little's filing of a complaint in Venezuela in violation of a

---

[2] Little's reliance on Navellier v. Sletten, 29 Cal. 4th 82 (2002) is unpersuasive.  In Navellier, the complaint expressly alleged that the defendant had breached a contract by filing counterclaims in a prior action.  See id. at 87.

forum selection clause and does not even mention Little's California application. (See FAC ¶¶ 16-18.) Accordingly, even if the Court were to consider the merits of Little's untimely motion, Little has not met his initial burden of demonstrating that "the challenged cause of action is one 'arising from' protected activity." See id. at 76.

### B. Chevron's Request for Fees

In its opposition, Chevron requests, under § 425.16(c), "attorneys' fees and costs as sanctions for having to defend against defendant's frivolous motion." (See Opp. at 15:23-24.) Section 425.16(c) provides, in relevant part: "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." See Cal. Code Civ. Proc. § 425.16(c). Section 128.5 defines the term "frivolous" as "(A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party." See Cal. Code Civ. Proc. § 128.5.

Although the Court has denied Little's motion, the Court finds such motion was not so "totally and completely without merit" as to justify an award of fees. Moreover, there is no showing that Little's anti-SLAPP motion was "solely intended to cause unnecessary delay" or filed "for the sole purpose of harassing an opposing party."

Accordingly, the Court will deny Chevron's request for fees.

### CONCLUSION

For the reasons set forth above,

1. Little's motion is hereby DENIED.

2. Chevron's request for attorneys' fees is hereby DENIED.

This order terminates Docket No. 41.

**IT IS SO ORDERED.**

Dated: July 10, 2007

MAXINE M. CHESNEY
United States District Judge